MAX SATTLER AND MOE SOFFERMAN, PLAINTIFFS-AP-PELLEES, v. NATHAN BERNZWEIG, DEFENDANT-APPELLANT.

Submitted January 6, 1925—Decided April 13, 1925.

Sale of Real Estate—Broker's Commission—License—Defense That Defendant and His Property was in New York City, That a Broker's License was Necessary There—Principal Transaction in Bayonne—Brokers Had License in New Jersey, Not in New York—As Far as It Appears, This is the Only Transaction in New York—Single Transaction Does Not Constitute Doing Business.

On appeal from the Bayonne District Court.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellees, *Dembe & Dembe.*

For the appellant, *Alexander Seclow.*

PER CURIAM.

This action was brought for the balance of commissions on an exchange of real estate owned by the defendant in New

York and real estate of a purchaser in Bayonne, New Jersey, and judgment was given for the plaintiffs in the Bayonne District Court. The agreement was in writing and no claim was made of its insufficiency.

The principal defense with which we are concerned is that the defendant and his property are in New York City; that the laws of New York require a broker to have a license before he can act as such, and that the plaintiff did not have such license. The language of the applicable act in its pertinent provision is as follows:

"On and after the 1st day of October, 1922, no person, copartnership or corporation shall engage in, or follow the business or occupation of, or hold himself or itself out or act temporarily or otherwise as a real estate broker or real estate salesman in a city or in a county adjoining a city having a population of one million or more without first procuring a license therefor as provided in this article."

The trial judge received evidence that the written contract, made and executed in New York, was preceded by conversation and a verbal agreement on all its terms in Bayonne. He held that, in view of the fact that all the negotiations were in New Jersey, the act did not apply, and that, even if the act did apply, he could not take judicial notice of the fact that New York City has a population of one million or more.

Whether these views were right or wrong, we think the judgment should not be disturbed. The act in New York seems to contemplate the carrying on of business, and it is in much the same language as our own Brokers' act of 1921, chapter 141, forbidding the carrying on of business in this state without a license. The plaintiffs were licensed brokers in this state, but were not licensed in New York, nor was there any evidence that they were carrying on the business of real estate brokers or salesmen in that state. So far as appears, this was their only transaction. For the reasons stated in an opinion filed herewith in the case of Wensley v. Godby, No. 433 of the present term, we think the act was not applicable to the plaintiffs.

The judgment will be affirmed.